## BELKNAP.

---

## BARKER *v.* JONES.

Without actual possession or entry, a tenant in common is entitled to partition against a co-tenant in actual and exclusive possession.

The presumption of payment after twenty years is a disputable one.

A tax title of land owned in common, when purchased by one of the co-tenants, cannot be set up by him against the others, except to enforce equitable contribution.

BILL IN EQUITY, for partition.   Facts found by a referee.

*Barnard & Barnard*, for the plaintiff.

*E. A. Hibbard*, for the defendant.

DOE, C. J.   It is agreed that one fifth of the title passed to the plaintiff by estoppel. *Robertson* v. *Wilson*, 38 N. H. 48.   And he is entitled to partition without entry, actual possession, or judgment in a writ of entry, and notwithstanding the defendant's actual and exclusive possession.   The plaintiff's title and right of possession are sufficient for the maintenance of this action without a technical seizin not included in his title and right.   In this state

the ancient doctrine of entry and seizin is largely obsolete. The plaintiff claims another fifth under a levy of an execution on a mortgagor's equity of redemption. But the mortgage has been foreclosed, and its covenants are effective as an estoppel against the mortgagor. *Fletcher* v. *Chamberlin*, 61 N. H. 438. After twenty years the mortgage debt was presumed to be paid; but the presumption is a disputable one, and the fact is found that the debt was not paid.

The defendant claims all the land under tax titles which he has bought: but they are not a bar to this or any other real action in which the plaintiff's judgment may contain a condition requiring him to contribute his share of what the defendant has paid. There will be an accounting at the trial term, and a decree for a partition assigning the plaintiff one fifth of the land when he pays into court the amount equitably due from him for taxes paid and tax titles bought by the defendant.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.